# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# DETROIT DIVISION

| | |
|---|---|
| TAMARA WAREKA p/k/a TAMARA WILLIAMS,<br><br>*Plaintiff*,<br><br>v.<br><br>S2G MEDICAL SPA PLLC and FAITH JIRJIS, individually,<br><br>*Defendants*. | Case No. 2:25-cv-11753<br><br>**COMPLAINT FOR COPYRIGHT INFRINGEMENT**<br><br>DEMAND FOR JURY TRIAL |

Plaintiff Tamara Wareka p/k/a Tamara Williams, through her undersigned counsel, brings this Complaint against Defendants S2g Medical Spa PLLC and Faith Jirjis and alleges as follows:

## NATURE OF THE ACTION

1. This is a civil action seeking damages and injunctive relief for copyright infringement under the Copyright Act of the United States, 17 U.S.C. § 101 *et seq*.

## PARTIES

2. Plaintiff Tamara Wareka p/k/a Tamara Williams ("Williams") is an individual and professional photographer.

3. Upon information and belief, Defendant S2g Medical Spa PLLC ("S2g Med Spa") is a professional limited liability company organized and existing under the laws of the state of Michigan. Defendant S2g Med Spa is operating or has operated a business location at 6253 Orchard Lake Road, West Bloomfield, Michigan 48322.

4. Upon information and belief, Defendant Faith Jirjis ("Jirjis") is an individual residing and/or transacting business in the state of Michigan.

5. For the purposes of this Complaint, unless otherwise indicated, "Defendant" and "Defendants" include all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogates, representatives, and insurers of the Defendants named in this caption.

## JURISDICTION AND VENUE

6. This Court has original subject matter jurisdiction over copyright claims pursuant to 28 U.S.C. §§ 1331 (federal question) and 1338(a) (copyrights).

7. This court has personal jurisdiction over Defendants because Defendants have a physical presence in the state of Michigan and/or Defendants transact business in the state of Michigan.

8. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)-(d) and/or § 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred, and/or this civil action arises under the Copyright Act of the United States, and Defendants or their agents reside in or can be found in this judicial district.

## FACTUAL ALLEGATIONS

### *Plaintiff Tamara Williams*

9. Plaintiff Williams is a highly successful freelance photographer specializing in beauty and fashion photography. Plaintiff Williams is most well-known for her natural and clean model portraiture featured on her highly popular Instagram Page @tamarawilliams, which has amassed over 610,000 followers.

10. Plaintiff Williams licenses her work for a fee.

11. Plaintiff Williams' portfolio includes international clients, and her work has been featured in top publications such as *Vogue, Harper's Bazaar, Marie Claire, Elle, L'Officiel, Glamour, Cosmopolitan, Maxim*, and many more. Additionally, her work has been used commercially by brands such as *NARS, KKW, Fenty*, and *Benefit*.

12. Plaintiff Williams' livelihood depends on receiving compensation for the photographs she produces, and the value of the work she produces is devalued when others copy and profit from her work without her permission.

13. The copyright protection afforded to Plaintiff Williams' work is intended to deter would-be infringers from the unauthorized copying and profiting from Plaintiff Williams' work.

14. Plaintiff Williams is the sole author and exclusive rights-holder to a facial portraiture photograph of female model Millie Loggie ("Williams Photograph").

15. Attached as Exhibit A is a true and correct copy of the Williams Photograph.

16. Plaintiff Williams registered the Williams Photographs with the United States Copyright Office under Registration Number VA 2-197-150 with the file name AU219252 and an Effective Date of Registration of February 5, 2020.

17. Attached hereto as Exhibit B is a true and correct copy of Registration No. VA 2-197-150.

### Defendants S2g Med Spa and Jirjis

18. Upon information and belief, Defendant S2g Med Spa is a medical spa offering anti-aging and body wellness services, including laser treatments, dermal fillers, and IV therapy.

19. Upon information and belief, at all relevant times, Jirjis was a licensed nurse injector and a member of S2g Med Spa's team.

20. Attached as Exhibit C is a true and correct copy of S2g Med Spa's Meet the Team webpage, found at https://www.s2gmedspa.com/pages/faith-bsn-rn, featuring Defendant Jirjis as a member of its team.

21. Upon information and belief, Defendant S2g Med Spa controls and manages the website https://www.s2gmedspa.com/ ("S2g Med Spa Website") which

provides information about Defendant S2g Med Spa's services and users can book an appointment for services.

22. Defendant S2g Med Spa maintains an Instagram page under the handle @s2gmedicalspa at https://www.instagram.com/s2gmedicalspa/ ("S2g Med Spa Instagram Page").

23. The S2g Med Spa Instagram Page contains an active hyperlink ("S2g Instagram Hyperlink") which the user can access to navigate to another webpage which contains multiple active links which the user can access to navigate to book an appointment or navigate to S2g Med Spa's other business platforms, including the S2g Med Spa Website.

24. Attached as Exhibit D is a true and correct screenshot of the S2g Med Spa Instagram Page, including the access location of the S2g Instagram Hyperlink, and a true and correct screenshot of the webpage that the S2g Instagram Hyperlink navigates to.

25. Collectively, the S2g Med Spa Website and the S2g Med Spa Instagram Page will be referred to as the "S2g Med Spa Business Platforms."

26. Defendant S2g Med Spa generates content on the S2g Med Spa Business Platforms for commercial purposes to market and promote S2g Med Spa's services, to attract user traffic to S2g Med Spa, and to increase the customer base and revenue for S2g Med Spa.

27. At all relevant times, Defendant S2g Med Spa had the ability to supervise and control all content on the S2g Med Spa Business Platforms.

28. At all relevant times, Defendant S2g Med Spa had a direct financial interest in the content and activities of the S2g Med Spa Business Platforms (including the activities alleged in this Complaint).

29. Defendant Jirjis maintains an Instagram page under the handle @fjxbeauty at https://www.instagram.com/fjxbeauty/ ("Jirjis Instagram Page").

30. The Jirjis Instagram Page contains an active hyperlink ("Jirjis Instagram Hyperlink") which the user can access to navigate to another webpage containing two hyperlinks, one for each of S2g Med Spa's locations. The user can access either of those hyperlinks to navigate to a menu of services offered at the respective S2g Med Spa location.

31. Attached as Exhibit E is a true and correct screenshot the Jirjis Instagram Page, including the access location of the Jirjis Instagram Hyperlink, a true and correct screenshot of the webpage the Jirjis Instagram Hyperlink navigates to, and a true and correct screenshot of the webpage that the hyperlink for the West Bloomfield location navigates to.

32. Defendant Jirjis generates content on the Jirjis Instagram Page for commercial purposes to market and promote Jirjis's and S2g Med Spa's services, to attract user traffic to the Jirjis Instagram Page and the S2g Med Spa Instagram Page, and to increase the customer base and revenue for Jirjis and S2g Med Spa.

33. At all relevant times, Defendant Jirjis had the ability to supervise and control all content on the Jirjis Instagram Page.

34. At all relevant times, Defendant Jirjis had a direct financial interest in the content and activities of the Jirjis Instagram Page (including the activities alleged in this Complaint).

35. At all relevant times, the S2g Med Spa Business Platforms and the Jirjis Instagram Page were readily accessible to the general public throughout Michigan, the United States, and the world.

***Defendants Willful, Unauthorized Use of the Williams Photograph***

36. On or about September 2, 2024, Plaintiff Williams discovered her Williams Photograph being used in a collaborative post, coauthored by Defendants S2g Med Spa and Jirjis, on the S2g Med Spa Instagram Page and the Jirjis Instagram Page, dated May 29, 2024, promoting the Restylane Defyne dermal filler service

with the suggestion "Come do some lips with me using Restylane Defyne" ("Instagram Post").

37. The Instagram Post directed users who wanted to book an appointment with Defendant Jirjis to "Book using the link in bio!"

38. Attached hereto as Exhibit F is a true and correct screenshot of the Williams Photograph as used on the Jirjis Instagram Page.

39. Plaintiff Williams did not grant Defendant S2g Med Spa or Defendant Jirjis a license, permission, or authorization to use, make a copy of, or publicly display the Williams Photograph on the S2g Med Spa Instagram Page or on the Jirjis Instagram Page.

40. Defendant S2g Med Spa (including its employees, agents, contractors or others over whom it has responsibility and control) created an unauthorized copy of the Williams Photograph and caused the Williams Photograph to be uploaded to and displayed on the S2g Med Spa Instagram Page.

41. Plaintiff Williams is informed and believes that the purpose of the use of the Williams Photograph on the S2g Med Spa Instagram Page was to couple high-quality visual content, via a professionally produced and polished beauty photograph, with textual content to create an aesthetic, visually inviting presentation to market Defendant S2g Med Spa's services and to support Defendant S2g Med Spa's marketing goals to entice users to browse through the S2g Med Spa Instagram Page and ultimately use the S2g Med Spa Instagram Hyperlink to navigate to the S2g Med Spa Website and purchase cosmetic beauty services from Defendant S2g Med Spa which would generate revenue for Defendant S2g Med Spa.

42. Plaintiff Williams is informed and believes that the purpose of the use of the Williams Photograph in the Instagram Post was to couple a high-quality, professionally-produced and polished beauty photograph with the textual content to assist the S2g Med Spa Instagram Page user in visualizing the beauty look that could

be achieved with Defendant S2g Med Spa's dermal filler services using Restylane Defyne and to bolster and lend credibility and integrity to Defendant S2g Med Spa's reputation as a beauty cosmetic services provider.

43. Defendant Jirjis created an unauthorized copy of the Williams Photograph and caused the Williams Photograph to be uploaded to and displayed on the Jirjis Instagram Page.

44. Plaintiff Williams is informed and believes that the purpose of the use of the Williams Photograph on the Jirjis Instagram Page was to couple high-quality visual content, via a professionally produced and polished beauty photograph, with textual content to create an aesthetic, visually inviting presentation to market Defendant Jirjis's beauty services and to support Defendant Jirjis's marketing goals to entice users to browse through the Jirjis Instagram Page and ultimately use the Jirjis Instagram Hyperlink to navigate to the links providing additional information about S2g Med Spa's services as well as to book an appointment with Defendant Jirjis for services which would generate revenue for Defendant S2g Med Spa and Defendant Jirjis.

45. Plaintiff Williams is informed and believes that the purpose of the use of the Williams Photograph in the Instagram Post was to couple a high-quality, professionally-produced and polished beauty photograph with the textual content to assist the Jirjis Instagram Page user in visualizing the beauty look that could be achieved by Defendant Jirjis in providing the dermal filler services using Restylane Defyne and to bolster and lend credibility and integrity to Defendant Jirjis' reputation as a nurse injector and beauty cosmetic services provider.

46. Defendant S2g Med Spa (including its employees, agents, contractors or others over whom it has responsibility and control) and Defendant Jirjis used, publicly displayed, published, and otherwise held out to the public Williams's

original and unique Williams Photograph for commercial purposes and to acquire a direct financial benefit from use of the Williams Photograph.

47. Specifically, Defendant S2g Med Spa intended for the Williams Photograph to act as a draw to the S2g Med Spa Instagram Pages where the user would ultimately use the S2g Med Spa Instagram Hyperlink to navigate to the S2g Med Spa Website and purchase services from and generate revenue for Defendant S2g Med Spa.

48. Specifically, Defendant Jirjis intended for the Williams Photograph to act as a draw to the Jirjis Instagram Page where the user would ultimately book an appointment for services with Defendant Jirjis and use the Jirjis Instagram Hyperlink to navigate to webpages providing information about S2g Med Spa's services and ultimately purchase services from and generate revenue for Defendant Jirjis and Defendant S2g Med Spa.

49. After discovering the unauthorized use of the Williams Photograph on the S2g Med Spa Instagram Page and the Jirjis Instagram Page, Plaintiff Williams, through counsel, sent cease and desist correspondence to Defendant S2g Med Spa.

50. Plaintiff Williams, through counsel, communicated with Defendants' counsel in an attempt to resolve this matter, but the parties were unable to reach a resolution.

51. Defendant S2g Med Spa willfully infringed upon Plaintiff Williams' rights in her Williams Photograph because, *inter alia,* Defendant S2g Med Spa knew, or should have known, it did not have a legitimate license, permission, or authorization to use the Williams Photograph on the S2g Med Spa Instagram Page.

52. Defendant Jirjis willfully infringed upon Plaintiff Williams' rights in her Williams Photograph because, *inter alia,* Defendant Jirjis knew, or should have known, she did not have a legitimate license, permission, or authorization to use the Williams Photograph on the Jirjis Instagram Page.

# FIRST CAUSE OF ACTION
## COPYRIGHT INFRINGEMENT
### 17 U.S.C. § 101 *et seq*

53. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

54. Plaintiff owns a valid copyright in the Williams Photograph.

55. Plaintiff registered the Williams Photograph with the Register of Copyrights pursuant to 17 U.S.C. § 411(a).

56. Defendants (including their employees, agents, contractors or others over whom they have responsibility and control) created an unauthorized copy of and displayed William's unique and original Williams Photograph without her consent or authorization in violation of 17 U.S.C. § 501.

57. Defendants willfully infringed upon Plaintiff's rights in her copyrighted Williams Photographs in violation of Title 17 of the U.S. Code.

58. As a result of Defendants' violations of Title 17 of the U.S. Code, Plaintiff has sustained significant injury and irreparable harm.

59. As a result of Defendants' violations of Title 17 of the U.S. Code, Plaintiff is entitled to any actual damages and profits attributable to the infringement pursuant to 17 U.S.C. §504(b) or, at Plaintiff's election, statutory damages, for each infringement, pursuant to 17 U.S.C. § 504(c).

60. As a result of the Defendants' violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs from Defendants as well as reasonable attorney's fees pursuant to 17 U.S.C § 505.

61. Plaintiff is also entitled to injunctive relief to prevent or restrain infringement of her copyrights pursuant to 17 U.S.C. § 502.

## DEMAND FOR JURY TRIAL

62. Plaintiff, Tamara Wareka p/k/a Tamara Williams, hereby demands a trial by jury in the above matter.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment against Defendants, jointly and severally, as follows:

- For a finding that Defendants infringed Plaintiff's copyright interest in the Williams Photograph by copying and publicly displaying it without a license or consent;

- For a finding that Defendants' conduct was willful;

- For an award of actual damages and disgorgement of all of profits attributable to the copyright infringement, as provided by 17 U.S.C. § 504(b), in an amount to be proven or, in the alternative, and at Plaintiff's election, an award for statutory damages for copyright infringement, including willful infringement, in accordance with 17 U.S.C. § 504(c);

- For costs of litigation and reasonable attorney's fees pursuant to 17 U.S.C. § 505;

- For an injunction preventing Defendants from further infringement of Williams' copyrighted works pursuant to 17 U.S.C. § 502;

- For pre-judgment and post-judgment interest as permitted by law; and

- For any other relief the Court deems just and proper.

[SIGNATURE TO FOLLOW ON NEXT PAGE]

Dated: June 11, 2025                                    Respectfully submitted,

**/s/ Jayma C. Leath**
Jayma C. Leath, Esq.
MI Bar. No. P78707
**HIGBEE & ASSOCIATES**
3110 W. Cheyenne, Suite 200
North Las Vegas, NV 89032
(714) 617-8350
(714) 597-6729 facsimile
jleath@higbee.law
*Attorney for Plaintiff*